a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BLAKE SANDLAIN, Petitioner | CIVIL ACTION NO. 1:18-CV-1084-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JONES, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Blake Sandlain[1] ("Sandlain") (#12250-088). Sandlain is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Sandlain challenges his criminal history score assigned by the BOP.

Because Sandlain's claim is not properly raised pursuant to § 2241, his petition should be dismissed for lack of jurisdiction.

I. Background

Sandlain claims that his criminal history score was improperly calculated by the BOP. Specifically, Sandlain alleges that his criminal history score should be six rather than the current score of 10. (Doc. 1).

---

[1] The Bureau of Prisons lists Petitioner's last name as Sandlin. https://www.bop.gov/inmateloc/

II.  Law and Analysis

    A.  Sandlain cannot obtain relief under § 2241.

Section 2241 allows prisoners to challenge the fact or duration of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Sandlain challenges his custody classification by the BOP, which has no impact on the fact or duration of Sandlain's imprisonment. Therefore, the Court lacks jurisdiction under § 2241. See Henrickson v. Guzik, 249 F.3d 395, 397 n. 4 (5th Cir. 2001) (subject matter jurisdiction not present under § 2241 when a petitioner is not challenging the fact or duration of confinement); Covington v. Fox, 1:11-cv-200, 2012 WL 860433, at *1 (E.D. Tex. Jan. 25, 2012), report and recommendation adopted, 1:11-CV-200, 2012 WL 860422 (E.D. Tex. Mar. 13, 2012) (challenge to custody classification is not properly raised in a § 2241 petition because it has no impact on the fact or duration of confinement).

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)[2], is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See id.; Spencer v. Bragg, 310 F. App'x 678, 679 (5th Cir. 2009) (where a prisoner challenges an unconstitutional condition of confinement or prison procedure, the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his accelerated release) (citing Carson v. Johnson, 112

---

[2] In Bivens, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

F.3d 818, 820-21 (5th Cir. 1997)). A challenge to any condition of Sandlain's confinement must be raised in a <u>Bivens</u> action.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Sandlain's § 2241 petition be **DISMISSED without prejudice** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __12th__ day of September, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge